UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HERMAN CARLEE McMILLIAN,

                       Plaintiff,

        - against -

SUPERINTENDENT CHRISTOPHER
MILLER, CORRECTIONS OFFICER
GREEN, and JOHN DOE CORRECTION
OFFICER (from the October 30, 2020 duty
roster),

                       Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION

**TRANSFER ORDER**
20-CV-6347 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Herman Carlee McMillian, who is currently incarcerated at the Great Meadow Correctional Facility in Comstock, New York, has filed more than 100 actions in this Court. By order dated May 20, 2005, the Honorable John Gleeson barred Plaintiff from filing any *in forma pauperis* ("IFP") complaint without first obtaining leave to do so. *McMillian v. Dewell*, No. 06-CV-0327 (JG), 2006 WL 1027112, at *1 (E.D.N.Y. Feb. 6, 2006). Subsequently, on September 1, 2005, Judge Gleeson determined that—under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)—Plaintiff would be barred from filing any future IFP complaint unless he could demonstrate that he was in imminent danger of serious physical injury. *See In re Request for Leave to File*, No. 05-MC-197, slip op. (E.D.N.Y. Sept. 1, 2005). In the 2020 calendar year alone, the undersigned closed seven cases filed by Plaintiff and transferred venue to the appropriate United States District Court. (*See* Jan. 15, 2020 Order, No. 20-CV-6, Dkt. 3; Mar. 6, 2020 Order, No. 20-CV-1195, Dkt. 5; Jun. 24, 2020 Order, No. 20-CV-2676, Dkt. 4; Jul. 24, 2020 Order, No. 20-CV-3294, Dkt. 3; Aug. 5, 2020 Order, No. 20-CV-

3507, Dkt. 6; Oct. 16, 2020 Order, No. 20-CV-4539, Dkt. 6; Dec. 7, 2020 Order, No. 20-CV-5862, Dkt. 4).

The instant submission was received on December 18, 2020 (Dkt. 1), along with an incomplete IFP request and a Prisoner Authorization form permitting the withdrawal of funds from Plaintiff's prisoner trust account (Dkt. 2) and a request for leave to file (Dkt. 3).

The Complaint is at times illegible and is frequently difficult to understand. It appears to include allegations related to Plaintiff's decades-old criminal conviction (Dkt. 1, at ECF 3, 8), 2012 civil commitment procedure (*id.* at ECF 2, 4–5), and October 30, 2020 hospitalization (*id.* at ECF 7–8). Plaintiff alleges, *inter alia*, that he was urged to consent to surgery for an inguinal hernia, which he refused. (*Id*. at ECF 8–9, 16.) He claims that drugs introduced into his soup seasoning caused the hernia to swell and that his breakfast milk was poisoned. (*Id.* at ECF 16.) He also asserts that a guard at the hospital assaulted him and that he was denied commissary privileges in retaliation for his refusal of surgery. (*Id.* at ECF 17.) Plaintiff seeks $777,000,000,000,000 in damages. (*Id.* at ECF 10.) Plaintiff has raised many of these claims in his prior filings. *See, e.g.*, Complaint, *McMillian v. Miller et al.*, No. 20-CV-3294 (July 17, 2020 E.D.N.Y.); Complaint, *McMillian v. Miller et al.*, No. 20-CV-3507 (July 31, 2020 E.D.N.Y.).

The Court concludes that this action should be transferred to the United States District Court for the Northern District of New York. According to the federal venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim accrued, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

2

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), district courts are instructed to dismiss an action brought in the wrong venue 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011). Applying this standard, the Court notes that Plaintiff is incarcerated at the Great Meadow Correctional Facility in Washington County, and Plaintiff has not alleged that any Defendant resides in this district or that any events giving rise to his claims occurred here. This district is not the proper venue for this action. Because the Great Meadow Correctional Facility is located in Washington County, New York, the Court determines that the Northern District of New York is the proper venue for this case. *See* 28 U.S.C. § 112(a).

For the reasons set forth above, the Clerk of Court is respectfully directed to transfer this case to the U.S. District Court for the Northern District of New York. A ruling on Plaintiff's application to proceed IFP is reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day stay of any order transferring venue, is waived.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 8, 2021
      Brooklyn, New York

3